IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUISIANA ENERGY GATEWAY LLC, THE WILLIAMS COMPANIES, INC., AND WILLIAMS FIELD SERVICES GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ENERGY TRANSFER PARTNERS LP AND GULF RUN TRANSMISSION LLC,<br><br>Defendants. | No. 5:24-cv-1266<br><br>JUDGE JERRY EDWARDS, JR.<br><br>MAG. JUDGE MARK L. HORNSBY |

## DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO REMAND

Defendants agree with a core premise of Plaintiffs' remand motion: after Defendants filed their notice of removal, the Federal Energy Regulatory Commission ("FERC") issued an order materially changing the circumstances on which Defendants based their removal of this case (Rec. Doc.14-1, pp. 2-3, 7-9, 15 & 24 n. 71). In light of the FERC order, and the change in circumstances it precipitated, Defendants consent to remand. Because Plaintiffs nevertheless maintain their request, under 28 U.S.C. § 1447(c), for an award of attorneys' fees incurred as a result of removal, Defendants offer this brief response to that request.

Plaintiffs should not be awarded their fees. Section 1447(c) provides for an award of attorneys' fees on remand only under limited circumstances. It is not automatic upon remand. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (reasoning that 28 U.S.C. § 1447(c) provides that the court "may" award fees on remand). Rather, the Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that

removal was improper," and decide whether the defendant had a "fairly supportable" or "objectively reasonable belief that removal was proper." *Id.* at 293.[1] The fee applicant bears the burden to establish that the defendant lacked such a basis. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiffs have not met their burden here.

On September 16, 2024, Defendants had an objectively reasonable basis for their theory of federal jurisdiction. Defendants removed because Plaintiffs' state law claim for monopolization or attempted monopolization (Count II) is one "arising under the . . . laws . . . of the United States," as Congress used that phrase to define the scope of federal question jurisdiction in 28 U.S.C. § 1331. Under the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, a cause of action can be one "arising under federal law," even if based in state law, if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. 208, 314 (2005).

Defendants' notice of removal contains allegations meeting the *Grable* standard. As Defendants explained, Plaintiffs' antitrust claim in Count II relies on the allegation that Defendants "improperly denied [Plaintiff Louisiana Energy Gateway LLC ("LEG")] rights to cross Defendants' competing natural gas transmission pipelines . . . ." (Rec. Doc. 1 at ¶ 5.) Defendants alleged that this state law claim required resolution of an issue of federal law in that it "turn[s] on the federal question whether LEG is regulated by FERC because resulting rights to exercise eminent domain to acquire the land necessary to construct and operate its proposed new pipeline (when it cannot reach a

---

[1]   *See also Ware v. Wells Fargo Bank, N.A.,* 116 F. Supp. 3d 737, 743 (N.D. Tex. 2015) (denying attorney's fees following remand); *Williams v. Stockstill*, No. CV 18-9152, 2019 WL 581517, at *4 (E.D. La. Feb. 13, 2019)(same); *Harrison v. Ace Am. Ins. Co.*, No. CV 21-245-JWD-SDJ, 2021 WL 6331969, at *5 (M.D. La. Dec. 14, 2021), *report and recommendation adopted*, No. CV 21-245-JWD-SDJ, 2022 WL 71857 (M.D. La. Jan. 6, 2022) (same).

voluntary agreement the with landowner) prevent Plaintiffs from stating their claim for monopolization or attempted monopolization." (*Id.* at ¶ 26.) This federal issue arises because Defendants' allegedly unreasonable refusal to grant LEG crossing rights can make out the state-law claim for relief only if a regulator lacks the authority to grant the crossing rights. *Verizon Commc'ns v. Law Offices of Curtis V. Trinko*, 540 U.S. 398, 411-12 (2004); *Covad Commc'ns Co. v. BellSouth Corp.*, 374 F.3d 1044, 1049–50 (11th Cir. 2004); *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 513, 539–41 (E.D. Tex. 2004).[2] Here, if LEG were subject to FERC regulation, it would have the power to "acquire [] by the exercise of the right of eminent domain" necessary land, other property, or rights-of-way to obtain the requested crossings. 15 U.S.C. § 717f(h). Defendants' notice of removal addresses the remaining elements of the *Grable* standard with allegations that the parties "dispute the federal law that FERC has regulatory jurisdiction over LEG" (Rec. Doc. 1 at ¶ 22);[3] the issue of FERC regulation is substantial to the federal system as a whole because of the "'national interest' in interstate power regulation" (*id.* at ¶16); and given that FERC can "decide comparable claims, permitting federal jurisdiction would not disrupt the normal currents of litigation in federal and state court" (*id.* at ¶ 17(iv)).

The state of the case law on the *Grable* standard provided an objectively reasonable basis for these contentions. The contours of the *Grable* standard are not precise. The Supreme Court has called for a nuanced and subtle analysis with a "common-sense accommodation of judgment to

---

[2]     The state law under which Plaintiffs bring their antitrust claim is interpreted consistent with federal authorities interpreting Section 2 of the federal Sherman Act. *La. Power & Light Co. v. United Gas Pipe Line Co.*, 493 So. 2d 1149, 1161–64 (La. 1986).

[3]     Indeed, this issue was what the parties were litigating before FERC, until FERC issued its order on September 27, 2024. Plaintiffs took the position that LEG was not regulated by FERC because LEG is a gathering line. Defendants interpreted LEG's interstate nature and transmission of natural gas as a prototypical interstate transmission line subject to FERC jurisdiction. Accordingly, a federal issue was in "dispute." *See Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017). That issue is no longer in dispute only because of an intervening circumstance that did not exist at the time of removal.

kaleidoscopic situations . . . ." *Gully v. First Nat. Bank*, 299 U.S. 109, 117 (1936). And it admits that the "canvas" resulting from the outcomes of such accommodations "looks like one that Jackson Pollock got to first." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Among the drops on that canvas are cases in which a dispute over the scope of federal regulation is embedded in a state law claim. For example, in *Board of Commissioners of Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., L.L.C.*, the Fifth Circuit held that state-law negligence and nuisance claims against offshore oil exploration companies arose under federal law because resolution of the claims turned on whether federal regulations created obligations to remediate damage to coastal land. 850 F.3d 714, 721-726 (2017). The dispute over federal law was substantial and a federal forum for the dispute would not disrupt the allocation of responsibility between federal and state courts because, like the dispute here over whether FERC regulates LEG, it related to the scope of federal regulation on issues of national concern. *Id.* at 723-25. This case law establishes an objectively reasonable basis for removal. *Valdes*, 199 F.3d at 294.

Plaintiffs' memorandum in support of their remand motion does not establish that Defendants lacked an objectively reasonable basis for this theory of federal jurisdiction as of the time of removal. Rather, they point to FERC's intervening September 27, 2024 order that LEG is not subject to its jurisdiction. *Id.* at 2-3. But of course, FERC issued that order after Defendants' September 16, 2024 notice of removal. Plaintiffs also offer two other arguments addressing Defendants' theory of federal jurisdiction:[4] (1) "whether FERC should regulate the relevant pipeline is not something necessary for

---

[4] Plaintiffs also slay a variety of straw men along the way. For example, they construe Defendants' argument to be that "FERC decides" whether Defendants have impermissibly withheld crossing rights from LEG and contend that federal regulation of natural gas transmission pipelines "does not preempt" state antitrust law (Rec. Doc. 14-1, p. 18). They also complain that Defendants make "no attempt to establish complete pre-emption." *Id.* at 11-12. But Defendants did not need to: under *Grable*, courts may assess federal question jurisdiction without referencing complete pre-emption. *Commissioners*, 850 F.3d at 724.

any court to decide in order to adjudicate Williams' state law claims" and (2) "even if that question were necessary to decide this dispute," this Court could not address the issue because "FERC has exclusive jurisdiction to determine whether pipelines fall within their jurisdiction" *Id.* at 2 (emphasis omitted). Plaintiffs fail to support either argument with authority rejecting Defendants' contention to the contrary, which further underscores the objective reasonableness of removal, *Valdes*, 199 F.3d at 294.

(1)     Plaintiffs attempt to rebut *Grable's* "necessity" prong by misrepresenting by omission the elements of their antitrust claim and thereby misapplying the well-pleaded complaint rule. Of course, under the well-pleaded complaint rule, the federal issue otherwise satisfying the *Grable* standard need not be expressly alleged in the complaint; it simply must be embedded in a "necessary element" of one of the plaintiff's claims for relief, as opposed to an affirmative defense. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13-14 (1983); *Commissioners*, 850 F.3d at 722-23 (federal question was embedded in a state law cause of action where federal law alone established certain duties of care in a negligence suit); *Ibarra Consulting Eng'rs Inc. v. Jacobs Eng'g Grp. Inc.*, 579 F. Supp. 3d 850, 854-55 (N.D. Tex. 2022) (federal question existed in a breach of contract case where the underlying contract referred to federal law in setting a standard); *Reid v. Walsh*, 620 F. Supp. 930, 933 (M.D. La. 1985) (citing *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369 (5th Cir. 1952), for "the rule in this circuit" that federal question jurisdiction may exist "even if the plaintiff has couched his pleading exclusively in terms of state law"). Recognizing that standard, Plaintiffs recite the general elements of their state law antitrust claim for monopolization or attempted monopolization as follows: "monopoly power in a clearly defined economic and geographic market," and that the monopolist acquired power willfully through exclusionary conduct, "as distinguished from growth or development as a consequence of superior product, business acumen, or historic accident." (Rec. Doc. 14-1, p. 16.) This recitation, however, omits well established law that Defendants have a broad,

general right to unilaterally refuse to deal with Plaintiffs. *Pac. Bell Tel. Co. v. LinkLine Commc'ns, Inc.*, 555 U.S. 438, 448 (2009); *see also Trinko*, 540 U.S. at 408 (*quoting United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919)). Defendants' refusal to grant LEG crossing rights can constitute exclusionary conduct only under limited exceptions, and Plaintiffs have the burden of pleading and proving the elements of those exceptions, one of which is an inability to gain the crossing rights without Defendants' assistance. *Trinko*, 540 U.S. 411 ("[T]he indispensable requirement for invoking the doctrine is the unavailability of access."). The right of access provided to LEG if regulated by FERC is, thus, a federal issue embedded in one of the elements of Plaintiffs' state antitrust law claim. Thus, application of the well-pleaded complaint rule would not have defeated removal.

None of Plaintiffs' cases are to the contrary: they do not hold that the right to refuse to deal with a competitor is an affirmative defense or that a federal issue embedded in the exceptions to that right are insufficient to establish federal jurisdiction under the well-pleaded complaint rule. Rather, they merely hold that the federal issue before them did not establish federal jurisdiction because it was embedded in an affirmative defense in a wide variety of other types of cases. For example, *Venable v. Louisiana Workers' Compensation Corp.* addressed the affirmative defense of waiver. 740 F.3d 937, 940-41 (5th Cir. 2013); *see also* Fed. R. Civ. P. 8(c)(1) (specifying that waiver is an affirmative defense). Similarly, *Montforte Exploration LLC v. ANR Pipeline Co.*, addressed the affirmative defense that FERC regulations required the breach of contract at issue. 2010 WL 143712 at *4 (S.D. Tex. Jan. 7, 2010). And *Louisiana v. Abbvie Inc.* addressed the affirmative defense of the Filed-Rate Doctrine. 2024 WL 3888926, *2-3 (W.D. La. Aug. 21, 2024); *see also South Branch LLC v. Commonwealth Edison Co.*, 46 F. 4th 646, 649 (7th Cir. 2022)) (holding that the Filed-Rate Doctrine is an affirmative defense). Here, the federal question that was at issue at the time of removal—whether LEG was subject to FERC regulation and had, as a result, an ability to obtain the requested crossing rights through federal

eminent domain proceedings—implicates an "indispensable" aspect of Plaintiffs' Count II, not a mere affirmative defense. *Trinko*, 540 U.S. at 411.

(2) Similarly, Plaintiffs offer no authority to support their proposition that the district FERC's ability to address the question whether LEG is subject to its regulations prevents that issue from satisfying the *Grable* standard. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293 (1988), held that a state law requiring certain FERC-regulated public utilities to obtain state energy commission approval before issuing securities was preempted, because the law "amounts to a regulation of rates and facilities, a field occupied by federal regulation." *Id.* at 307. *Delaware Riverkeeper Network v. FERC*, 243 F. Supp. 3d 141 (D.D.C. 2017), held that FERC funding its operations through fees on the natural gas companies that it regulates does not violate the Due Process Clause. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320 (1958), held that state court challenge to a ruling by FERC's predecessor was an impermissible "collateral attack," where the party bringing the challenge had participated the administrative proceedings and appealed the ruling. *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325 (8th Cir. 2016), merely held that private contract dispute did not satisfy *Grable's* "substantial" prong, in part, because FERC declined to exercise jurisdiction over the dispute. *Id.* at 333-34. It is, therefore, consistent with Defendants' decision to consent to remand now that FERC has declined to exercise jurisdiction over LEG and Defendants have determined not to appeal. And both *Nevada by and Through Sandoval v. Reliant Energy, Inc.*, and *Florida Gas Transmission Co., LLC v. Bay Gas Storage Co., Ltd.*, merely applied the well-pleaded complaint rule, by holding that the defendants failed to meet the *Grable* standard because the issues of FERC regulation arose as affirmative defenses to the state-law actions. 2006 WL 8442669, *6 (D. Nev. Feb. 24, 2006); 2009 WL 361592, *4-5 (S.D. Tex. Feb. 11, 2009). As explained above, the question of whether LEG is subject to FERC regulation bears on an essential element of one of Plaintiffs' claims.

Finally, Defendants urge the Court to deny Plaintiffs' request for attorneys' fees for the additional reason that they recognized the impact of the FERC order on their theory of jurisdiction, expedited a decision as to whether they would appeal the order, and consented to remand after determining that they would not appeal. Plaintiffs admit that the manner in which Defendants addressed the effect of the FERC order (if not appealed) on federal jurisdiction here is the most critical factor bearing on whether an award of fees is appropriate. (Rec. Doc. 14-1, p. 24 n.71 ("While the FERC Order was not issued until after the Notice of Removal was filed, the Court's decision on whether to apply sanctions should take into account the extent to which the Defendants oppose this Motion to Remand in light of the FERC Order expressly finding that FERC does not have regulatory jurisdiction over the LEG Pipeline.")) Defendants' consent to remand makes an award of fees inappropriate.

For all the foregoing reasons, Defendants respectfully consent to remand and request that the Court deny Plaintiffs' request for attorneys' fees.

Respectfully submitted,

| | |
|---|---|
| *PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P.* | *LYNN PINKER HURST & SCHWEGMANN, LLP* |
| BY: /s/ Marshall Perkins | Christopher J. Schwegmann |
| S. Michael Coooper, Bar No. 24057 | cschwegmann@lynnllp.com |
| mcooper@padwbc.com | Christopher W. Patton |
| Thomas Pressly IV, Bar No. 35286 | cpatton@lynnllp.com |
| tpressly@padwbc.com | Andrés Correa |
| Marshall Perkins, Bar No. 36979 | acorrea@lynnllp.com |
| mperkins@padwbc.com | |
| 400 Texas Street, Suite 400 Post Office Box, 1786 Shreveport, Louisiana 71166-1786 | 2100 Ross Avenue, Suite 2700 Dallas, Texas 75201 |
| Telephone: (318) 221-1800 | Telephone: 214-981-3800 |
| Facsimile: (318) 226-0390 | Facsimile: 214-981-3839 |
| | (*Motion for Admissions Pro Hac Vice forthcoming*) |

**ATTORNEYS FOR DEFENDANTS ENERGY TRANSFER PARTNERS, LP AND GULF RUN TRANSMISSION, LP**